IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

STACY L. WATERS                                                          PLAINTIFF
2503 Goldsmith Lane
Louisville, Kentucky 40218

Case No. 3:17-CV-708-DJH

Judge David J. Hale

v.

EQUIFAX INFORMATION SERVICES, LLC                                        DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Stacy L. Waters, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax") states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out Equifax's failure to investigate Plaintiff's disputes regarding alleged late payments on a credit account.

### II. PARTIES

2.    Plaintiff, Stacy L. Waters, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 2503 Goldsmith Lane, Louisville, Kentucky 40218.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around July 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered a Montgomery Ward tradeline showing alleged late payments on her account.

9. Immediately upon discovery of the tradeline, Plaintiff disputed the tradeline with Equifax. Specifically, Plaintiff disputed MONT WARDS account number 5161085156***, and requested that Equifax investigate and delete the alleged tradeline.

10. In or around August 2017, Equifax, despite Plaintiff's dispute of the foregoing

tradeline, failed to investigate the tradeline and, consequently, failed to delete or amend the alleged subject tradeline.

11. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradeline has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's dispute and to delete or amend its reporting of the subject tradeline.

## V. CLAIMS

### Negligence

12. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to investigate Plaintiff's dispute and its failure to remove the subject tradeline from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to remove Montgomery Ward's false reports regarding the Montgomery Ward account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

14. Equifax's negligent failure to investigate Plaintiff's dispute and to remove the alleged subject tradeline from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

15. Equifax's failure to investigate Plaintiff's dispute and to remove the subject tradeline from Plaintiff's credit report, despite Plaintiff's lawful notice to Equifax of the falsity of

3

the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation

16. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed account has late payments. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

18. Equifax's publication of false statements regarding Plaintiff's creditworthiness and the subject tradeline amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate the disputed item, its consequent failure to delete or amend its reporting of the disputed item, and its violation of 15 U.S.C. §1681i(a)(1)(A) are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff

for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

23. Equifax's failure to properly investigate the disputed item, its consequent failure to delete or amend its reporting of the disputed item, and its violation of 15 U.S.C. §1681i(a)(1)(A) are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Equifax's failure to properly investigate the disputed item, and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

24. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Stacy L. Waters, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Stacy L. Waters, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Stacy L. Waters

STATE OF KENTUCKY            )
                             ) SS
COUNTY OF JEFFERSON          )

Subscribed, sworn to and acknowledged before me by Stacy L. Waters this 22nd day of __NOVEMBER__, 2017.

_____
Notary Public

Commission expires: 09/01/2021

```
MOLLY PETERS
Notary Public-State at Large
KENTUCKY - Notary ID #586171
My Commission Expires 09-01-2021
```

7